UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| D'ANGELIS CHAMBERS, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 2:20-cv-02099-SLD |
| | ) |
| ELIZABETH ALFONSO *et al.*, | ) |
|     Defendants. | ) |

## **MERIT REVIEW ORDER**

**HAROLD A. BAKER, United States District Judge:**

Plaintiff *pro se*, D'Angelis Chambers, who is currently detained at the Champaign County Jail, filed a complaint [1] under 42 U.S.C. § 1983, alleging violations of his constitutional rights against several officials involved in his state criminal conviction.

## **I. MERIT REVIEW STANDARD**

Plaintiff's complaint is before the Court for merit review pursuant to 28 U.S.C. §1915A, which requires the Court to "screen" Plaintiff's complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*,

721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. BACKGROUND

Plaintiff identifies the following Defendants: Elizabeth Alfonso and Michael Cerventes, Urbana Police Department Detectives; Matthew Hamm, Champaign County Assistant Public Defender; Janie Miller-Jones, Champaign County Public Defender; Joel Fletcher and Scott Larson, Champaign County Assistant States Attorneys; Diane Marlin, City of Urbana Mayor; Julia R. Reitz, Champaign County State's Attorney; Bryant Seraphin, Chief of the Urbana Police Department; and the City of Urbana.

The alleged constitutional violations Plaintiff describes in his complaint concern his March 2020 state felony convictions. In summary, Plaintiff claims that his arrest warrant was not supported by probable cause, the state's attorneys' charging information was defective on its face, police perjured themselves at Plaintiff's preliminary hearing, the state's attorneys knowingly permitted false testimony throughout Plaintiff's prosecution, and Plaintiff received ineffective assistance of counsel.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held as follows:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254 (footnote omitted).

512 U.S. 477, 486-87 (1994). Thus, under *Heck*, a § 1983 claim for damages does not accrue if a judgment in favor of the plaintiff on that claim "would necessarily imply the invalidity of [the

plaintiff's] conviction or sentence." *Id*. at 487.

Given the nature of Plaintiff's allegations, he does not provide proof that his state convictions have been overturned as required to raise his claims in this Court. Moreover, given that Plaintiff filed his complaint the month following those convictions, any such proof that the judgments of the trier of facts have been invalidated as outlined in *Heck* is improbable. Accordingly, the Court dismisses Plaintiff's complaint.

**IT IS THEREFORE ORDERED:**

1) **The Court DISMISSES Plaintiff's complaint [1] under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim on which relief may be granted. Any amendment to the complaint would be futile for the reasons stated. This case is, therefore, closed. The Clerk of the Court ("Clerk") is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff chooses to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.**

ENTERED June 8, 2020.

                                                          s/ Harold A. Baker
                                      _____
                                          HAROLD A. BAKER
                                UNITED STATES DISTRICT JUDGE